### WHITE *v*. CRAWFORD and others.

*(Circuit Court, D. Minnesota. November, 1881.)*

1. PROVING CLAIM IN BANKRUPTCY—LIENS—WAIVER.

    A creditor waives any lien he may have upon the property of his debtor, by proving up his debt as an unsecured claim.

Robert P. Lewis, one of the defendants, on the seventh day of June, 1875, gave his note, and a mortgage to secure the same, on the S. W. $\frac{1}{4}$ of section 22, in township 30, range 22, excepting therefrom five acres in the S. E. corner thereof, to John W. White, the plaintiff, intending, however, to convey such property in township 29 instead of township 30. On the first day of July, 1876, the said Lewis gave a second note, and a mortgage to secure the same, on the same property as described in the first mortgage, as also upon a certain other piece of property; but, in this second mortgage, making the same mistake as in the first. Again, September 1, 1877, the said Lewis, having discovered his mistake made in the first and second mortgages, makes a third mortgage for the purpose of correcting the mistake, in which he describes the property as being in township 29. Between the giving of the first two mortgages and the third, correcting the first two, one James A. Crawford, a

brother or near kin of Alexander Crawford, obtains a judgment against Robert P. Lewis and pretends to docket the same, which judgment was thereafter, February 4, 1878, assigned to the defendant Alexander Crawford. Upon this judgment the said Alexander Crawford issued execution, which was levied on this property in township 29, and the same was sold April 8, 1879, he buying it in for the sum of $1,800. Prior to this sale, however, the said Alexander Crawford had due notice of the mortgage claim of plaintiff upon this land. Prior to said execution and sale R. P. Lewis commenced proceedings in bankruptcy for a discharge from his debts, to-wit, on August 31, 1878; his discharge being granted April 15, 1879, only seven days after the sale of said property. During the pendency of the proceedings in bankruptcy, and prior to the execution and sale, the said Alexander Crawford proved up his entire claim in the bankrupt court, without any reference to his lien upon this property, making affidavit that he had no lien upon this or any other property.

*E. Webb*, for plaintiff.

*R. B. Galusha*, for defendant Crawford.

NELSON, D. J. I have examined this case, and find nothing new presented which can reverse the decision already made and set aside the order for a decree. The defendant Crawford proved his debt as an unsecured claim, and made affidavit to that effect in the form prescribed by law. Subsequently he issued execution on the judgment, pending the bankruptcy proceedings, and attempted to collect this claim, which was in judgment and a lien upon real estate at the time, as he now insists, when he made and filed his proof. If he was a creditor having a lien, by proving his debt secured thereby to the full amount he waives his lien, and relinquishes it. Such has been the ruling even in respect to mortgages upon specific property. Before a secured creditor can prove his full claim as an unsecured debt he must surrender the security. There is no distinction made in the kind of security. 1 B. R. 485, 400, 147; 8 B. R. 241. Crawford could have refused to prove his debt or appear in the bankruptcy court, and looked to the lien which he claims his judgment gave him; and unless the assignee took action and assumed control of the property on which the lien attached, might have subjected it to the discharge of his debt. But he did not do this. He acted upon the theory that he could prove his debt as unsecured, and at the same time enforce the lien which the judgment gave him. There is no support for such a claim. 95 U. S. 764.

The complainant's equity is superior, and the order for a decree must stand.